[680 NYS2d 574]

In the Matter of CARL MATHISON (Admitted as CARL A. MATHISON, III), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 16, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing three charges of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in reply to the Grievance Committee's motion to confirm.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Peter Hathaway filed a complaint, dated May 5, 1997, alleging that the respondent failed to communicate with his client and neglected both a matrimonial and a Federal civil rights action entrusted to him. By letter dated June 4, 1997, the Grievance Committee requested that the respondent submit an answer to the complaint within 10 days and advised him that an unexcused failure to reply constituted professional misconduct independent of the merits of the complaint.

The respondent failed to submit an answer.

The Grievance Committee sent the respondent a second letter, dated July 25, 1997, via certified mail, which directed that he submit an answer to the Hathaway complaint within 10 days. The Grievance Committee warned the respondent that his failure to reply could result in a motion for his immediate suspension, pursuant to 22 NYCRR 691.4 (*l*) (1) (i). Although the return receipt card showed a delivery date of July 26, 1997, the respondent failed to submit an answer.

On September 24, 1997, the Grievance Committee served the respondent with a judicial subpoena and a subpoena duces tecum. During his testimony on October 16, 1997, the respondent stated that he did not recall receiving the June 4, 1997 letter but "may very well have overlooked it". The respondent admitted having received the letter dated July 25, 1997.

At the deposition, the Grievance Committee advised the respondent that failure to timely respond to its requests constitutes failure to cooperate. The Grievance Committee directed the respondent to provide a written answer to the Hathaway complaint by October 20, 1997, to state whether or not he had provided his client with a retainer and a statement of client's rights and responsibilities, and to provide proof of both. Additionally, the Grievance Committee asked the respondent to specify any work he had performed on the matrimonial matter from April 1996 through April 1997 and to provide his correspondence file. The respondent failed to provide the requested information by October 20, 1997. On October 22, the Grievance Committee left the respondent a telephone reminder and requested that he return the call. The respondent failed to do so.

By letter dated October 24, 1997, the Grievance Committee reminded the respondent of his obligation to provide the requested documents and warned him that his failure to provide the material by October 29 could result in a motion for his immediate suspension. The respondent still failed to reply.

By letter dated October 30, 1997, the Grievance Committee again reminded the respondent that he had not complied with its requests and informed him that it would consider this matter at its November meeting. The Grievance Committee further advised the respondent that failure to cooperate with its lawful demands constitutes grounds for immediate suspension.

To date, the respondent has failed to provide a written answer or the requested documents.

Charge Two alleged that the respondent charged or collected a fee in a domestic relations matter without a written retainer agreement being signed by lawyer and client and without providing a statement of Client's rights and Responsibilities, in violation of Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11) and 22 NYCRR 1400.2 and 1400.3.

The respondent represented Peter Hathaway in a matrimonial matter and charged a $250 fee. That client subsequently brought an action against the respondent in Small Claims Court for the return of the $250 he had paid to the respondent. In view of the respondent's failure to appear, Hathaway received a judgment against the respondent for $250. A retainer agreement was never executed, nor did the respondent ever provide his client with a statement of client's rights and responsibilities.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (22 NYCRR 1200.30).

Peter Hathaway paid the respondent $250 to obtain an uncontested divorce. After filing a summons and complaint in July 1996, the respondent was discharged in March 1997. Between approximately July 1996 and March 1997, the respondent failed to diligently pursue the matter. During a deposition conducted on October 16, 1997, the respondent admitted that he "dropped the ball". The respondent pointed out that he did not do so out of malice but was balancing a fairly large case load. He pointed out that any errors found will be the result of inexperience.

Based upon the parties' stipulation and the undisputed facts, the Special Referee properly sustained all three charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including his inexperience and the medical ailments he was experiencing when the Grievance Committee was seeking to secure his cooperation. Under the totality of the circumstances, the respondent is suspended for one year for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Carl Mathison, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Carl Mathison, shall continue to desist and refrain

from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.