[717 NYS2d 909]

In the Matter of CARL A. MATHISON, III, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 4, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By opinion and order of this Court dated November 16, 1998,

in a prior disciplinary proceeding, the respondent was suspended from the practice of law for one year (*see, Matter of Mathison,* 250 AD2d 100). Subsequently, by decision and order of this Court dated February 1, 2000, the Grievance Committee was authorized to institute and prosecute a second disciplinary proceeding against the respondent, and the Honorable Jerome M. Becker was appointed Special Referee, to hear and report. That order directed the Grievance Committee to serve the respondent with a petition within 10 days after its receipt of a copy of the order. It also directed the respondent to serve the Grievance Committee with an answer to the petition within 10 days of receipt of the petition. The Grievance Committee personally served the respondent with a copy of the February 1, 2000, order, along with the notice of petition and petition, on February 17, 2000. The respondent has not submited an answer.

The petition served upon the respondent contains 33 charges of professional misconduct, including multiple instances of failing to comply with the terms of his suspension; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; neglect of legal matters entrusted to him, and failure to cooperate with the Grievance Committee's investigation.

Although the respondent admitted service of the petition on February 17, 2000, he did not file an answer within the required time. The respondent appeared at the scheduled disciplinary hearing on March 15, 2000, and presented counsel for the Grievance Committee with a written answer to the petition which was neither signed nor attached to any backing. The purported answer consisted of multiple unnumbered paragraphs and assertions. Counsel for the Grievance Committee advised the respondent that he could not accept service of such a document and asked the Special Referee to declare the respondent in default and to deem the charges established.

The Special Referee submitted an interim report in which he acknowledged the Grievance Committee's right to seek a declaration upon written application to the Court and recognized the respondent's right to receive notice of such application and an opportunity to respond appropriately. The Special Referee adjourned the hearing of this matter pending submission, review, and resolution of a motion to the Court seeking a declaration of the respondent's default in this proceeding.

The Grievance Committee now moves for this Court to impose discipline against the respondent upon his default in

answering the petition. Although the respondent admitted service of the motion on September 5, 2000, he has not submitted any response thereto. Accordingly, the Grievance Committee's motion is granted, the charges of the petition are deemed admitted, and the respondent is disbarred on default.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and FLORIO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Carl A. Mathison, III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl A. Mathison, III is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.